*CINCINNATI TRACTION CO. v. ANGIE S. CRAMER.

ADMISSION BY STREET RAILWAY DEFENDANT OF GREASE ON RAILS WITH PROOF THAT IT WAS NEGLIGENTLY APPLIED WARRANT AN INFERENCE OF DEFENDANT'S NEGLIGENCE AS ONE OF LAW.

> An admission in its answer by a street railway company, charged with negligently greasing its rails at a street intersection, "that it was necessary to oil and grease said rails at curves," and proof that the location was one over which great numbers of people were crossing and that the grease was smeared over the rails, making it dangerous for pedestrians to step upon the tracks, warrant an inference of negligence on the part of the company; such facts being once found, the issue of negligence ceased to be one of fact for the jury, but became one of law for the court. Hence, a judgment in favor of a pedestrian injured by stepping upon such rails will not be reversed.

---

*Dismissed in Supreme Court September 21, 1909; 54 Bull. 384.

Traction Co. v. Cramer.

Angie S. Cramer, while crossing the street at Sixth and Vine, fell and was so severely injured as to cause a miscarriage. In her petition for damages she alleged that the traction company had greased the rails on the curves in its tracks at that point, and that this had been done in a careless and negligent manner, and grease had been smeared over the rails in such a way as to make it dangerous for pedestrians to step upon them, and that it was the grease so placed that caused her to slip and fall.

After general charge to the jury, the court asked if there was anything which counsel wished to suggest.

Counsel for defendant suggested that he did not think the court had sufficiently covered the question of negligence and proximate cause and asked that the jury be instructed that the defendant could be held liable only if it through its agents and servants had done or left undone some act which, in the ordinary course of events, a reasonably prudent man would foresee would be liable to cause damage or injury. Counsel also suggested, that the jury could be instructed that the defendant is presumed not to have been guilty of negligence until the contrary is established by affirmative proof.

Responding to these suggestions the court further charged:

"Counsel for defendant has called my attention to one or two points. I charge you further that you cannot presume unless there is evidence, affirmative evidence, circumstantial or direct, negligence upon the part of the defendant, nor for that matter, negligence against the plaintiff in this case. The defendant is presumed to have done and performed such duties as it is required to do and perform, and unless there is evidence as I have indicated to you, direct or circumstantial, that is, positive evidence or circumstantial evidence, that such duty has not been performed, the presumption is that the duty was performed.

"Negligence, gentlemen of the jury, consists in the failure to perform such duties and obligations as the law requires any person to do or perform. I have undertaken to describe to you the duties which devolved upon the defendant and upon the plaintiff in this case, and if you find they have not been performed, the duties which I have undertaken to define to you in this case, then you will find that either one, whichever it may be, was guilty of negligence as applied to this case."

Hamilton County.

Complaint is made that the charge as given did not comply with the request and exception was taken to the charge and for failure to charge as requested.

A verdict was rendered for plaintiff in the sum of $3,500, to which the defendant prosecutes error.

**Outcalt & Hickenlooper,** for plaintiff in error.

**W. J. Davidson,** for defendant in error.

GIFFEN, J.

The admission in the answer of the defendant "that it is necessary to oil and grease said rails at curves," and the testimony of the plaintiff and the police officer as to the location, quantity and character of the grease warranted the inference that the defendant not only put it there, but did it in a negligent manner. These facts being once found no two persons of ordinary intelligence could disagree as to whether a reasonably prudent man, not in the ordinary course of events, but under the surrounding circumstances, would foresee that the acts done would be liable to cause damage or injury. It ceased to be a question of fact for the jury, and became one of law for the court. There was no intervening cause alleged or proved that required or rendered pertinent the instruction requested by the defendant after the general charge to the jury.

Judgment affirmed.

**Swing** and **Smith, JJ.,** concur.